

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-14-2009

# Schwing v. Lilly Health Plan

Precedential or Non-Precedential: Precedential

Docket No. 06-4671

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Schwing v. Lilly Health Plan" (2009). *2009 Decisions.* Paper 1445.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1445

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-4671

———————

ESTATE OF KEVIN SCHWING

v.

THE LILLY HEALTH PLAN; THE ELI LILLY
AND COMPANY LIFE INSURANCE AND
DEATH BENEFIT PLAN; THE ELI LILLY AND
COMPANY HEALTH CARE FLEXIBLE SPENDING PLAN;
THE ELI LILLY AND COMPANY DEPENDENT DAY CARE
FLEXIBLE SPENDING PLAN; THE LILLY SEVERANCE
PAY PLAN; THE ELI LILLY AND COMPANY HOLIDAY
AND VACATION PLAN; THE LILLY DENTAL PLUS
PLAN; PCS PHARMACY BENEFITS MANAGEMENT
SERVICE PROGRAM; THE LILLY EMPLOYEE SAVINGS
PLAN; THE LILLY RETIREMENT PLAN; ELI LILLY AND
COMPANY, INDIVIDUALLY AND AS PLAN SPONSOR,
FIDUCIARY AND ADMINISTRATOR OF THE LILLY
RETIREMENT PLAN, AND THE LILLY SEVERANCE PAY
PLAN, AND THE ELI LILLY AND COMPANY HOLIDAY
AND VACATION PLAN, AND THE LILLY HEALTH PLAN,
AND THE LILLY DENTAL PLUS PLAN, AND PCS
PHARMACY BENEFITS MANAGEMENT SERVICE
PROGRAM; THE EMPLOYEE BENEFITS COMMITTEE,
AS ADMINISTRATOR AND NAMED FIDUCIARY OF THE
LILLY RETIREMENT PLAN, AND THE LILLY
SEVERANCE PAY PLAN, AND THE ELI LILLY AND
COMPANY HOLIDAY AND VACATION PLAN, AND THE
LILLY HEALTH PLAN, AND THE LILLY DENTAL PLUS
PLAN, AND PCS PHARMACY BENEFITS MANAGEMENT
SERVICE PROGRAM; LILLY GLOBAL SHARES STOCK
OPTION PLAN,

Appellants

(AMENDED AS PER THE CLERK'S 6/19/08 ORDER)

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 03-cv-04848)
District Judge:  The Honorable James Knoll Gardner

Argued:  March 5, 2009

Before: BARRY, GREENBERG, Circuit Judges, and
ACKERMAN,[*] District Judge

(Opinion Filed:   April 14, 2009)

Ellen E. Boshkoff, Esq. (Argued)
Baker & Daniels
300 North Meridian Street
Suite 2700
Indianapolis, IN 46204-0000

Counsel for Appellants


Michael S. Misher, Esq. (Argued)
Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy
1515 Market Street
Suite 1200
Philadelphia, PA 19102-0000

Counsel for Appellee

---

[*] Honorable Harold A. Ackerman, Senior United States District Judge for the District of New Jersey, sitting by designation.

OPINION OF THE COURT

BARRY, Circuit Judge

The Lilly Health Plan appeals the order of the District Court entering judgment on behalf of a claimant who sought severance benefits pursuant to an ERISA-governed plan. Applying the recent decision of the Supreme Court in *Metropolitan Life Insurance Co. v. Glenn*, 128 S.Ct. 2343 (2008), we conclude that the plan administrator's decision to deny benefits was not an abuse of discretion. We will, therefore, reverse the order of the District Court.

**I.**

Kevin Schwing, an employee of Eli Lilly and Company ("Lilly"), was terminated from his sales position on August 22, 2001 for falsifying call data. Schwing sought payment of severance benefits pursuant to the Lilly Severance Plan[1], but his claim for benefits was denied by Lilly's Employee Benefits Committee ("EBC"), the plan administrator. The EBC determined that Schwing was ineligible for severance benefits because he was terminated for misconduct, misconduct to which both Schwing's supervisor and a representative from Lilly's human resources department stated to the EBC that Schwing had admitted. Schwing challenged the EBC's determination, denying that he had admitted any wrongdoing and arguing that he had been terminated not for the alleged misconduct, but either as a result of mistakes or in retaliation for a grievance he filed in 1997. The EBC considered Schwing's arguments, and again denied his claim.

---

[1] The Lilly Severance Plan is an ERISA-governed, self-funded plan that grants the plan administrator full discretion to interpret the terms of the plan and to decide any and all matters arising from the plan.

Following a bench trial, the District Court entered judgment for Schwing, finding that the EBC's decision was tainted by a conflict of interest and that the EBC failed to adequately investigate Schwing's claim. Lilly now appeals.

Our review of the District Court's legal conclusions is plenary, and we apply the same standard of review that the Court should have applied. *Smathers v. Multi-Tool, Inc./Multi-Plastics, Inc., Employee Health and Welfare Plan*, 298 F.3d 191, 194 (3d Cir. 2002). Because determining the correct standard of review is a question of law, our review is plenary. We review the Court's findings of fact for clear error. *Kosiba v. Merck & Co.*, 384 F.3d 58, 64 (3d Cir. 2004). The District Court had jurisdiction pursuant to 29 U.S.C. § 1132(e)(1), and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989), the Supreme Court held that, when evaluating challenges to denials of benefits in actions brought under 29 U.S.C. § 1132(a)(1)(B), district courts are to review the plan administrator's decision under a de novo standard of review, unless the plan grants discretionary authority to the administrator or fiduciary to determine eligibility for benefits or interpret the terms of the plan. The Court recognized that "if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a factor in determining whether there is an abuse of discretion." *Firestone*, 489 U.S. at 115 (internal quotation omitted).

Prior to the Supreme Court's recent decision in *Glenn*, we interpreted this language in Firestone to mean that courts should consider conflicts of interest affecting plan administration when formulating the standard of review. *See Pinto v. Reliance Standard Life Ins. Co.*, 214 F.3d 377, 392 (3d Cir. 2000). Accordingly, we adjusted the standard of review using a "sliding scale" in which the level of deference we accorded to a plan administrator would change depending on the conflict or conflicts of interest affecting plan administration. *Id.*

– 4 –

In *Glenn*, the Supreme Court interpreted the relevant language in *Firestone* in a different way, holding that courts should continue to apply a deferential abuse-of-discretion standard of review in cases where a conflict of interest is present, but that courts should take the conflict into account not in formulating the standard of review, but in determining whether the administrator or fiduciary abused its discretion:

> We do not believe that *Firestone*'s statement implies a change in the *standard* of review, say, from deferential to *de novo* review. Trust law continues to apply a deferential standard of review to the discretionary decisionmaking of a conflicted trustee, while at the same time requiring the reviewing judge to take account of the conflict when determining whether the trustee, substantively or procedurally, has abused his discretion. We see no reason to forsake *Firestone*'s reliance upon trust law in this respect.

*Glenn*, 128 S.Ct. at 2350 (emphasis in original) (internal citations omitted). The Court held that it was not "necessary or desirable" for courts to create special procedural, evidentiary, or burden-of-proof rules to account for conflicts of interest, and that "conflicts are but one factor among many that a reviewing judge must take into account." *Id.* at 2351.

Accordingly, we find that, in light of *Glenn*, our "sliding scale" approach is no longer valid. Instead, courts reviewing the decisions of ERISA plan administrators or fiduciaries in civil enforcement actions brought pursuant to 29 U.S.C. § 1132(a)(1)(B) should apply a deferential abuse of discretion standard of review across the board and consider any conflict of interest as one of several factors in considering whether the administrator or the fiduciary abused its discretion. *Glenn*, 128 S.Ct. at 2350; *see Champion v. Black & Decker (U.S.) Inc.*, 550 F.3d 353, 359 (4th Cir. 2008) (abandoning sliding scale approach, after *Glenn*); *Burke v. Pitney Bowes Inc. Long-Term Disability Plan*, 544 F.3d 1016, 1025 (9th Cir. 2008) (same); *Doyle v. Liberty Life Assur. Co. of Boston*, 542 F.3d 1352, 1357 (11th Cir. 2008) (same); *Wakkinen v.*

*UNUM Life Ins. Co. of Am.*, 531 F.3d 575, 581 (8th Cir. 2008) (same); *see also Michaels v. The Equitable Life Assur. Soc. of U.S. Employees, Managers, and Agents Long Term Disability Plan*, 2009 WL 19344 (3d Cir. Jan. 5, 2009) (predicting the result we now reach: that, after *Glenn*, we will no longer apply the sliding-scale approach). *But see Weber v. GE Group Life Assur. Co.*, 541 F.3d 1002, 1010-11 (10th Cir. 2008) (holding that the sliding scale approach mirrors *Glenn*'s approach).

As *Glenn* recognized, benefits determinations arise in many different contexts and circumstances, and, therefore, the factors to be considered will be varied and case-specific. *Glenn*, 128 S.Ct. at 2351. In *Glenn*, factors included procedural concerns about the administrator's decision making process and structural concerns about the conflict of interest inherent in the way the ERISA-governed plan was funded; in another case, the facts may present an entirely different set of considerations. Id. at 2351-52. After *Glenn*, however, it is clear that courts should "take account of several different considerations of which a conflict of interest is one," and reach a result by weighing all of those considerations. *Id.* at 2351.

## III.

Here, and in broad summary, the District Court applied a heightened standard of review based on its finding of a conflict of interest involving the EBC's attorney, who was also an attorney for Lilly. The Court concluded that the conflict of interest tainted the deliberations to such a degree as to render the EBC's decision arbitrary and capricious. In the alternative, the Court concluded that, even ignoring the conflict of interest, the EBC's decision was arbitrary and capricious largely because the EBC failed to undertake a full investigation of Schwing's claim.

We disagree with the District Court and find that the EBC did not abuse its discretion[2] when it denied Schwing's claim for

[2] Our prior caselaw referenced an "arbitrary and capricious" standard of review, while *Glenn* describes the standard as "abuse

severance benefits, even considering, as factors, the attorney's conflict of interest and the conflict of interest inherent in the fact that Lilly funds and administers the plan. The attorney's role vis-a-vis the EBC was advisory only and her conduct, although criticized by the Court, was altogether appropriate. We note that ERISA fiduciaries are not required to engage independent counsel to aid in their interpretation and administration of an ERISA plan, *Ashenbaugh v. Crucible Inc., 1975 Salaried Retirement Plan*, 854 F.2d 1516, 1531-32 (3d Cir. 1988), and we note our disagreement with the Court's conclusion, based on certain cases interpreting the attorney-client privilege, *see, e.g., Washington-Baltimore Newspaper Guild v. Washington Star Co.*, 543 F.Supp. 906 (D.D.C. 1982), that an attorney for an ERISA fiduciary owes a fiduciary-like duty of neutrality to each ERISA claimant. Even if we considered the purported conflict of interest here to be serious, the decision to deny Schwing's claim for severance benefits was not so close that this factor would act as "tiebreaker" tipping the scales in favor of finding that the EBC abused its discretion. *See Glenn*, 128 S.Ct. at 2351; *Wakkinen v. UNUM Life Ins. Co. of Am.*, 531 F.3d 575, 582 (8th Cir. 2008). To the contrary, there was an abundance of evidence of Schwing's misconduct to support the denial of his claim and a lack of evidence to support his theory of pretext.

We also conclude, as a matter of law, that the EBC conducted an appropriate investigation of the claim. There is no requirement that an ERISA administrator faced with an issue of who is to be believed must conduct an independent investigation into the veracity of each account. *Pinto*, 214 F.3d at 394 n.8; *see also Cord v. Reliance Standard Life Ins. Co.*, 362 F. Supp. 2d 480, 486 (D. Del. 2005). The administrative record before the District Court was more than adequate to support the EBC's denial of Schwing's claim, and we cannot conclude that the EBC's decision was "without reason, unsupported by substantial evidence or

___

of discretion." We have recognized that, at least in the ERISA context, these standards of review are practically identical. *Abnathya v. Hoffman-La Roche, Inc.*, 2 F.3d 40, 45 n.4 (3d Cir. 1993)

erroneous as a matter of law." *Abnathya*, 2 F.3d at 45 (internal quotation omitted).

## IV.

For the reasons stated above, we will reverse the judgment of the District Court.