

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2009

# Prudential Ins Co v. Pryor

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3291

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Prudential Ins Co v. Pryor" (2009). *2009 Decisions*. Paper 1117.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1117

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3291

PRUDENTIAL INSURANCE COMPANY OF AMERICA

v.

DORIS E. PRYOR; JORDAN MARC RICHMOND;
SIMONE JOY RICHMOND; STANLEY H. RICHMOND,
individually and as Executor of the Estate of MIGNON RICHMOND;
THE ESTATE OF MIGNON RICHMOND; MR. VALJAWAN DEER

Doris E. Pryor,
Appellant

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 06-cv-0525
(Honorable Peter G. Sheridan)

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 2, 2009

Before: SCIRICA, *Chief Judge*, SLOVITER and HARDIMAN, *Circuit Judges*.

(Filed: June 29, 2009)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Doris E. Pryor appeals the District Court's order granting summary judgment in favor of the Estate of Mignon Richmond. The core of this matter is a dispute between the surviving spouse (and minor children) of a decedent and her mother over entitlement to life insurance proceeds of $663,500.

Faced with multiple claims on the life insurance policy, plaintiff, Prudential Insurance Company of America, filed this interpleader action, seeking to deposit the full sum of the life insurance policy with the Court and be dismissed from the case. Defendants Stanley H. Richmond (and children, Simone Joy Richmond,and Jordan Marc Richmond) and defendant Doris E. Pryor filed motions for summary judgment, respectively.

I.

Decedent, Mignon Richmond, a former employee of Xerox Corporation, through her employment with the company, qualified for Group Life Insurance Benefits under a policy provided by Prudential. In 1992, Mignon Richmond completed, signed, and submitted a Beneficiary Designation Form. Printed at the top of the Beneficiary Designation Form is the statement, "I hereby designate the beneficiary or beneficiaries named below to receive the benefits to which I am entitled upon my death." Mignon Richmond named her husband, Stanley Richmond, as her primary beneficiary and her children, Jordan Marc Richmond and Simone Joy Richmond, as contingent beneficiaries.

The last line of the form, pre-printed on the form itself, states, "My Final Beneficiaries: The executors or administrator of my estate." The Beneficiary Designation was signed by Mignon Richmond. Prudential stamped receipt of this form and retained it in its files.

In January 2003, Xerox Plan Documents detailed a "New Rule" about payment of life insurance benefits if there were no designated beneficiary. The New Rule provides: "Any amount of insurance for which there is no Beneficiary at your death will be payable to the first of the following: (a) surviving spouse; (b) surviving child(ren) in equal shares; (c) surviving parents in equal shares; (d) surviving siblings in equal shares; (e) estate." In other words, if there were no beneficiary on file, the New Rule's hierarchy would dictate the order of beneficiaries. The New Rule replaced an old default rule, which provided that insurance for which there is no beneficiary would be payable to the estate.

After Mignon Richmond's death, Prudential contacted her husband Stanley Richmond, requesting he complete a claim form for his wife's policy. For tax reasons, and on advice of counsel, the Richmonds disclaimed their rights to benefits from the policy. Their disclaimers removed the primary and contingent beneficiaries from Mignon Richmond's Beneficiary Designation Form, leaving the Estate as the final beneficiary. Upon receipt of the disclaimers, however, Prudential applied the New Rule and determined Doris Pryor, as the sole surviving parent, to be the beneficiary.

On motions for summary judgment, the District Court held the proper beneficiary was the Estate. Doris Pryor appealed contending that Prudential was correct in applying

3

the New Rule to distribute the proceeds. Because the New Rule places surviving parents before an estate in its hierarchy of distribution, Pryor argues she is the proper beneficiary. We agree with the District Court and will affirm.

## II.

No material facts of this case are disputed, and the issue whether Pryor should receive the proceeds from her daughter's life insurance policy is one of law.[1] Our review is plenary, and we apply the same standard of review for summary judgment as the District Court. *Estate of Schwing v. Lilly Health Plan*, 562 F.3d 522, 524 (3d Cir. 2009).

Administrators of ERISA plans must manage them "'in accordance with the documents and instruments governing' them." *Kennedy v. Plan Adm'r for DuPont Sav. and Inv. Plan*, 129 S. Ct. 865, 868 (2009) (*quoting* 29 U.S.C. § 1104(a)(1)(D)). ERISA requires an "'employee benefit plan [to] be established and maintained pursuant to a written instrument,' 'specify[ing] the basis on which payments are made to and from the plan.'" *Id.* at 875 (*quoting* 29 U.S.C. § 1102(a)(1), (b)(4)).

Here, Pryor's claim "stands or falls" by the Plan's terms. *Kennedy*, 129 S. Ct. at 875; *see* 29 U.S.C. § 1132(a)(1)(B). Prudential's Plan Documents state, under the subheading 'Beneficiary Rules,' that Prudential will distribute proceeds to a beneficiary on file: "If there is a Beneficiary for the insurance, it is payable to that Beneficiary." Mignon Richmond designated her beneficiaries on the Plan's Beneficiary Designation

---

[1]We have jurisdiction under 28 U.S.C. § 1291.

Form.  As the District Court notes, Mignon Richmond signed, dated, and filed the Beneficiary Designation Form.  No other beneficiary designation existed.[2]

Pryor's position relies heavily on the argument that the New Rule's order of beneficiaries changed the beneficiary designation policy.  But the New Rule only applies if there is no beneficiary at the policy-holder's death.  ("Any amount of insurance for which there is no Beneficiary at your death will be payable to the first of the following . . . .")

Prudential's Plan expressly grants the proceeds from Mignon Richmond's policy to the beneficiary on file.  The Beneficiary Designation Form, which lists Stanley Richmond as the first beneficiary, Jordan and Simone Richmond as contingent beneficiaries, and the

---

[2]**Beneficiary Designation**
        * * *

I hereby designate the beneficiary or beneficiaries named below to receive the benefits to which I am entitled upon my death.  This revokes any previous designation I may have made.  I understand that if I have designated a minor, proceeds must be paid to his/her legal guardian.

Sign Your Legal Name: /s/ Mignon Richmond          Date: 5/21/92

Identify Beneficiaries Named Below by Relationship, Birth Date, and Address

* * *

**My Primary Beneficiary or Beneficiaries** (Please follow instructions on reverse)
        *Stanley H. Richmond, husband, born June 8, 1943*
**My Contingent Beneficiary or Beneficiaries** (Please follow instructions on reverse)
        *Simone Joy Richmond, daughter, born Dec. 5, 1977 and*
        *Jordan Marc Richmond, son, born Nov. 10, 1979*
                *Equally or the survivor*
**My Final Beneficiaries:** The executors or administrators of my estate.

Estate as the final beneficiary, was on file with Prudential at the time of Mignon Richmond's death and dictates distribution of Mignon Richmond's life insurance proceeds.[3]

Pryor also asserts the Estate, as listed on the Beneficiary Designation Form, was not Mignon Richmond's express designation because it was pre-printed on the form rather than handwritten. And under the old default rule applicable at the time, the estate would have been the beneficiary in the absence of any other designated beneficiary. Accordingly, Mignon Richmond would have been indifferent to whether the pre-printed language was included on the Beneficiary Designation Form. The District Court rejected this argument because Mignon Richmond took action to designate her beneficiaries, evidenced by her signing, dating and filing the form with Prudential. We agree. The designation of the Estate as the 'final beneficiary' was valid.

Finally, we agree with the District Court that the Richmonds waived their rights to the policy proceeds with irrevocable disclaimers. The Estate remains the final beneficiary on Mignon Richmond's Beneficiary Designation Form.

---

[3]In construing the terms of a life insurance contract, the court looks to the terms of the policy itself. *Webb v. Witt*, 876 A.2d 858, 866 (N.J. App. Div. 2005) ("[A]n insurance policy is a contract, and like other contracts, the terms of the policy define the parties' rights and obligations."). The court also seeks to effectuate the intent of the decedent. *David v. Metropolitan Life Ins. Co.*, 50 A.2d 651, 652 (N.J. 1947) ("A life insurance policy such as this is a contract between the insurer and the insured; and it is to be construed and enforced according to the common intention of the parties as expressed in the writing and the provisions incorporated therein by force of statute law. . . .").

III.

For the reasons stated by the District Court and those discussed above, we will affirm the order granting summary judgment in favor of the Estate and dismissing the counterclaims and crossclaims with prejudice.