OPINION
PER CURIAM.
Appellant Stephanie Ford appeals from the order of the United States District Court for the District of Delaware granting summary judgment in favor of the defendant. We will affirm.
*705 I.
Stephanie Ford is a former employee of Christiana Health Care System, Inc. (“Christiana”), where she worked as a radiology clerk for seventeen years. Ford was a participant in Christiana’s Long-Term Disability Plan, effective January 1999. The Plan indicated that it was “funded as an insured plan ... issued by Unum Life Insurance Company of America.”
On October 28, 2003, Ford was involved in a hit-and-run automobile accident. While recovering from the accident, she requested leave under the Family and Medical Leave Act (“FMLA”). The FMLA form instructed Ford that her job was guaranteed for up to twelve weeks of leave, but Ford’s physician did not clear her to resume work until April 13, 2004. Prior to gaining medical clearance from her doctor, Ford filed a long-term disability claim with Unum Life Insurance Company of America (“Unum”), which Unum denied on March 29, 2004. Unum’s own physicians had evaluated Ford’s condition and determined that her claim was not medically supported.
In 2005, Ford filed two lawsuits against Unum — one in state court and one in federal court. In the state court action, Ford sought damages for lost wages, pain and suffering, mortgage payments, a lost life insurance policy, and “lost eligibility to [sic] be rehired for employment after 17 years of service,” as a result of Unum’s denial of requested benefits. She filed a separate complaint in the United States District Court for the District of Delaware alleging discrimination and seeking recovery of her long-term disability benefits. The state court action was removed to the District of Delaware and the cases were consolidated.
In March 2006, the District Court granted Unum’s Motion to Dismiss the claims that Ford raised in her original state court action, finding that her state law claims for breach of contract, negligence, and intentional infliction of emotional distress were preempted under the Employee Retirement Income Security Act (“ERISA”), and that the damages she requested were not available under ERISA. In December 2006, the District Court also granted Unum’s partial motion for summary judgment. In doing so, the court denied both Ford’s discrimination claim and her breach of contract claim, which the court previously ruled were covered by ERISA. The court concluded that Unum’s decision to deny Ford benefits was neither arbitrary nor capricious and was supported by substantial evidence. As a result, Ford’s only remaining claim was that Unum wrongfully terminated her $75,000 life insurance policy on which she had paid premiums.
In a September 19, 2008 opinion, the District Court granted Unum’s motion for summary judgment, dismissing Ford’s remaining claim. Ford filed a timely appeal.
II.
We have jurisdiction over the appeal under 28 U.S.C. § 1291 and exercise plenary review over the District Court’s decision to grant summary judgment. McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir.2005). Summary judgment is appropriate when the “pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c). A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party’s favor. Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 330 (3d Cir.1995). However, a party opposing summary judg *706 ment “must present more than just ‘bare assertions, conclusory allegations or suspicions’ to show the existence of a genuine issue.” Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir.2005).
III.

State Law Claims

First, the District Court correctly determined that Ford’s state law claims are preempted by ERISA. ERISA is designed to provide a uniform regulatory regime over employee benefit plans. Aetna Health Inc. v. Davila, 542 U.S. 200, 208, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004). “To this end, ERISA includes expansive pre-emption provisions, see ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern.” Id. State law claims such as those raised by Ford in her complaint-breach of contract, negligence, and intentional infliction of emotional distress— would ordinarily fall within the scope of ERISA preemption, if the claims relate to an ERISA-governed benefits plan.[1] See Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 278 (3d Cir.2001) (holding that suits against insurance companies for denial of benefits, “even when the claim is couched in terms of common law negligence or breach of contract,” are preempted). Therefore, because Ford’s state law claims relate to a qualified ERISA-governed plan, the District Court correctly determined that they are preempted by the provisions of ERISA.

Discrimination Claim

The District Court also correctly determined that Ford’s discrimination claim is not cognizable. Ford alleged that Unum discriminated against her in violation of Title VII when it denied her claim for long-term benefits. Title VII, 42 U.S.C. § 2000e et seq., prohibits employers from discriminating against their employees based on race, color, religion, sex, or national origin. Ford never identified the basis of her discrimination claim. In any event, because Unum was never her employer, she cannot establish a discrimination claim against the company under Title VII. See Walters v. Metro. Educ. Enters., Inc., 519 U.S. 202, 205, 117 S.Ct. 660, 136 L.Ed.2d 644 (1997) (stating that a defendant is subject to Title VII only if it meets the statutory definition of “employer”). Thus, the District Court correctly entered summary judgment in favor of Unum on this claim.

Denial of Benefits Claim

Ford also asserted that Unum improperly denied her claim for disability benefits. After carefully reviewing the record, the District Court granted summary judgment in favor of Unum.
The Supreme Court has determined that a denial of benefits challenge under ERISA is to be reviewed under a de novo standard “unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.” Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d *707 80 (1989). We previously held that when the administrator has discretionary authority to determine eligibility for benefits, as Unum did in this case, the decision must be reviewed under an arbitrary and capricious standard. See Abnathya v. Hoffmann-La Roche, Inc., 2 F.3d 40, 45 (3d Cir.1993). We further instructed district courts to apply a “heightened standard of review” or “heightened scrutiny” when a plan administrator both evaluates claims for benefits and pays those claims. Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377, 387 (3d Cir.2000).
The Supreme Court recently clarified, however, in Metropolitan Life Insurance Co. v. Glenn, — U.S. —, —, 128 S.Ct. 2343, 2346, 171 L.Ed.2d 299 (2008), that where the plan gives the administrator such discretionary authority, the appropriate standard of review is for abuse of discretion. The Court further held that when there is a conflict of interest, i.e., when a plan administrator both evaluates claims for benefits and pays those claims, the district court should weigh the conflict of interest as only one factor in determining whether there was an abuse of discretion. Id. at 2352-53.
In this case, because the District Court ruled on Ford’s claim before the Supreme Court issued its ruling in Glenn, the DisT trict Court reviewed the administrator’s decision under the arbitrary and capricious standard. Before reviewing the claim under that standard, however, the District Court also relied on our ruling in Pinto which required the use of a sliding scale to determine the level of arbitrary and capricious review to apply when a party is under a conflict of interest.[2] In concluding that it was appropriate to apply “a slightly-heightened arbitrary and capricious standard,” the District Court pointed to, inter alia, Unum’s advantage as a sophisticated party familiar with ERISA claims.
Even applying this more rigorous review, the District Court concluded that Unum’s denial of Ford’s disability claim was not arbitrary and capricious as there is ample evidence in the record to support a denial of benefits. We agree with the District Court’s conclusion.[3] Unum employed two registered nurses and two physicians to examine Ford’s medical records. Consistent with its examiners’ conclusions, Unum determined that Ford sustained soft tissue injuries from the automobile accident in the form of a sprain/strain, and that the usual recovery time for such injuries should not have exceeded six weeks. After summarizing the findings of Ford’s physician, Unum concluded that his treatment of Ford was not consistent with incapacitating pain, and that, in the presence of incapacitating pain, one would have expected additional diagnostic testing, a chronic pain management referral, and the prescription of stronger pain medication.
Although Ford’s treating physician may have concluded otherwise, the mere fact that an administrator relies on medical evidence that conflicts with the treating physician’s opinion does not render the denial of benefits arbitrary. See Stratton v. E.I. DuPont De Nemours & Co., 363 *708 F.3d 250, 258 (3d Cir.2004). Although Ford’s treating physician opined that she was disabled until mid-April 2004, Unum analyzed and rejected his opinion based on inconsistencies between his stated opinion and his treatment plan. Because Unum’s explanations were reasonable and supported by substantial evidence, we cannot conclude that its decision to deny Ford long-term benefits was an abuse of discretion.

Wrongful Termination of Ford’s Insurance Policy

Lastly, the District Court properly ruled that Ford’s state law claim of wrongful termination of her insurance policy lacks merit. As an initial matter, the District Court correctly observed that the claim is preempted by ERISA. See Pryz\bowski, 245 F.3d at 278. To the extent it was covered by ERISA, we agree that the claim lacks arguable merit. Under her policy, coverage ended on Ford’s last day of active employment with Christiana. Although under the terms of the plan she could have extended her policy by applying for conversion or portable coverage within 45 days of the end of her employment, it is undisputed that Ford did not apply for extended coverage.
Accordingly, we will affirm the judgment of the District Court.

. An employee welfare benefit plan is defined under ERISA as "any plan, fund, or program which was ... established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained For the purpose of providing For its participants or their beneficiaries, through the purchase of insurance or otherwise ... benefits in the event of ... death.” 29 U.S.C. § 1002(1).

. As mentioned, under Glenn, a plan administrator's conflict of interest now represents only one of several factors used to determine whether there was an abuse of discretion. 128 S.Ct. at 2352-53.

. Although we now apply the abuse of discretion standard set forth in Glenn, we have recognized that, at least in the ERISA context, these standards of review are practically identical. Estate of Schwing v. Lilly Health Plan, 562 F.3d 522, 526 n. 2 (3d Cir.2009).