NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2303
_____

THOMAS SULLIVAN and LINDA SULLIVAN,

Appellants

v.

AT&T CORPORATION;
JOHN & JANE DOE CORPORATIONS/ENTITIES (1-10);
JOHN & JANE DOES (1-100)

_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 06-cv-03945
(Honorable Mary L. Cooper)

_____

Submitted Under Third Circuit L.A.R. 34.1(a),
March 24, 2010

Before: RENDELL, AMBRO, and FUENTES, Circuit Judges.

(Opinion Filed: March 30, 2010)

_____

OPINION OF THE COURT

_____

FUENTES, Circuit Judge:

Thomas Sullivan brought this case against AT&T, his former employer, pursuant to the Employee Retirement Income Security Act ("ERISA"), alleging that AT&T denied him retirement benefits to which he claimed he was entitled. The District Court granted AT&T's motion for summary judgment, concluding that Sullivan was not eligible to receive benefits under the retirement plans he invoked. For substantially the same reasons discussed by the District Court in its well reasoned memorandum opinion, we will affirm.

## I.

Because we write primarily for the parties, we set forth only the facts and history that are relevant to our conclusion. On March 22, 1993, Sullivan began working for AT&T, where he worked in a variety of capacities until his separation in 2005. At the time of Sullivan's separation from AT&T, the company had an employee benefit plan called the AT&T Separation Plan (the "Separation Plan"), which made certain employees who had been subjected to involuntary termination eligible for post-retirement welfare benefits. In order to qualify for such benefits, a terminated employee had to satisfy the so-called "Rule of 75," which meant, in effect, that the employee had to fall into one of the following four categories: (1) be at least sixty-five years old and have net credited service at AT&T of at least ten years, (2) be at least fifty-five years old and have net credited service of at least twenty years, (3) be at least fifty years old and have net

credited service of at least twenty-five years, or (4) have at least thirty years of net credited service at any age.

After it promulgated the Separation Plan, but before Sullivan's separation from the company, AT&T created a Postretirement Welfare Benefits Plan ("PWBP"), which, distinct from the benefits provided by the Separation Plan, extended retirement benefit eligibility to certain employees who were terminated as part of a reduction in force ("RIF") prior to January 1, 2006. The PWBP introduced a "Rule of 65," making retirement benefits available to RIF-terminated employees with at least five years of service whose combined age and net credited service equals sixty-five. Critically for purposes of Sullivan's lawsuit, under the PWBP, an employee's age and net credited service date are calculated as of the "Scheduled Off-Payroll Date," which, the plan makes clear, is always sixty days after the employee has been notified that he or she is at risk for termination as a result of an RIF. The Scheduled Off-Payroll Date is used for eligibility calculations even if the employee continues to work after the Scheduled Off-Payroll Date—hence the name Scheduled (as opposed to actual) Off-Payroll Date. The details and requirements of the Separation Plan and the PWBP are set forth in written materials provided to AT&T employees. These materials make clear (in capitalized letters) that no one other than the plan administrator and its authorized claims administrators is authorized to advise employees as to benefit eligibility.

Sullivan was included in a reduction in force at AT&T's facility in Middletown,

New Jersey in 2005. Specifically, on March 8, 2005, he was informed that he had been put "at risk" for termination, and was provided with a letter informing him that his Scheduled Off Payroll Date was (in accordance with the PWBP's sixty-day calculation) May 6, 2005. As of May 6, 2005, Sullivan would not have qualified for the Rule of 65—his combined age and net credited service were approximately 70 days short on that date.

Notwithstanding the PWBP's express designation of the Scheduled Off-Payroll Date as the date for eligibility calculations, Sullivan asked to extend his termination date until July 29, 2005. He asked his supervisor, Pamela DeFazio (who is not an authorized claims administrator), if this would make him eligible for benefits under the Rule of 65. According to Sullivan, DeFazio said that she "saw no reason why [not]." (App. 1026.) By April 25, 2005, however, AT&T's plan administrator, Sharon Byrne, informed Sullivan that his Scheduled Off-Payroll Date—i.e., May 6, 2005—would be used to calculate his benefit eligibility under the terms of the PWBP. Sullivan nevertheless continued to work through July 29, 2005, and applied for PWBP benefits but was denied. He filed this ERISA suit on July 13, 2007. The District Court granted AT&T's motion for summary judgment, and Sullivan appealed.[1]

---

[1] The Sullivans originally asserted claims for retaliation pursuant to ERISA and for breach of contract and breach of the covenant of good faith and fair dealing pursuant to New Jersey common law. They withdrew these claims once AT&T moved for summary judgment, and the claims are not before us.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's grant of summary judgment de novo and apply the same standard as the District Court. See American Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 580-81 (3d Cir. 2009). Summary judgment is appropriate where the movant establishes that there are no material issues of fact, and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c).

Under ERISA, a person may bring a federal lawsuit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B) (emphasis added). Where, as here, the plan gives "the administrator or fiduciary discretionary authority to determine eligibility for benefits," we review a plan administrator's decision to deny benefits for abuse of discretion. See Metropolitan Life Ins. Co. v. Glenn, ---U.S.----, 128 S. Ct. 2343, 2348 (2008); see also Estate of Schwing v. The Lilly Health Plan, 562 F.3d 522, 526 n.2 (3d Cir. 2009).

The District Court correctly concluded that AT&T's denial of Sullivan's request for benefits was not an abuse of discretion. As the District Court explained, Sullivan's May 6, 2005 Scheduled Off-Payroll Date "left him 70 days short of eligibility under the Rule of 65," meaning that Sullivan was not eligible for benefits under the PWBP. (App.

16.)  While Sullivan makes much of the fact that his <u>actual</u> off-payroll date was July 29, 2005, the PWBP makes plain that it is only the Scheduled Off-Payroll Date that matters when calculating benefit eligibility under the PWBP.  As the District Court explained, there is no question that at the time of Sullivan's Scheduled Off-Payroll Date, he was ineligible for benefits under the PWBP.  <u>See</u>, <u>e.g.</u>, <u>Hein v. F.D.I.C.</u>, 88 F.3d 210, 218 (3d Cir. 1996) ("[Appellant] did not satisfy the Plan requirement, and we cannot read ERISA to change the terms of the Plan and vest [Appellant] with a benefit for which he never qualified.").

Indeed, as AT&T correctly argues, under ERISA, the plan administrator was required to discharge her duties "in accordance with the documents and instruments governing the plan," meaning that, in light of the fact that Sullivan did not qualify for the Rule of 65, the administrator was obligated to deny Sullivan benefits under the PWBP. 29 U.S.C. § 1104(a)(1)(D).  We have repeatedly explained that "[a]n award inconsistent with the plan's valid provisions would be a breach of [an administrator's fiduciary] duties." <u>Vitale v. Latrobe Area Hosp.</u>, 420 F.3d 278, 283-84 (3d Cir. 2005) (citation omitted, alteration in original).  Because the denial of benefits Sullivan complains of was mandated by the terms of the PWBP, we certainly see no abuse of discretion in the plan administrator's decision.

Nor does the Separation Plan afford any basis for us to conclude that the plan administrator abused her discretion in denying Sullivan retirement benefits.  Sullivan

observes that the calculation of benefits for the Rule of 75 under the Separation Plan uses the employee's actual, rather than scheduled, off-payroll date. This point is accurate but irrelevant—while the Separation Plan does not use the Scheduled Off-Payroll Date to calculate benefit eligibility, Sullivan manifestly did not qualify for eligibility under the Separation Plan's Rule of 75. AT&T was, moreover, within its right to formulate distinct eligibility criteria for the two plans, and "the court is not free to substitute its own judgment for that of the defendant[] in determining eligibility for plan benefits." Abnathya v. Hoffmann-La Roche, Inc., 2 F.3d 40, 45 (3d Cir. 1993) (citation omitted). In sum, we find no abuse of discretion in the plan administrator's denial of Sullivan's request for benefits under the PWBP, and we conclude that the District Court correctly entered summary judgment in favor of AT&T.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.