NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1601
_____

E. BELINDA BAUER,
As Trustee of the Craig E. Bauer
Insurance Trust Dated December 29, 2003,
                                          Appellant

v.

RELIANCE STANDARD LIFE INSURANCE COMPANY
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-09-cv-00397)
District Judge: Honorable J. Curtis Joyner
_____

Submitted Under Third Circuit LAR 34.1(a)
March 14, 2011

Before:  RENDELL, BARRY and CHAGARES, Circuit Judges

(Opinion Filed:  April 1, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

        E. Belinda Bauer, as Trustee of the Craig E. Bauer Insurance Trust, sued Reliance

Standard Life Insurance Company under ERISA's civil enforcement provision, 29 U.S.C.

§ 1132, to recover benefits in excess of the $250,000, plus interest, that Reliance awarded

Bauer arising out of her late husband's employer's accidental death insurance policy (the "Plan"). Bauer contends that the Plan's terms entitle her to five times that amount, or $1,250,000, plus interest. The District Court granted summary judgment to Reliance, and, for substantially the reasons set forth in the District Court's memorandum and order, we will affirm.

## I.

We review the District Court's order *de novo*, applying the same standard of review to the Plan administrator's benefits determination that was applied in the District Court. *Estate of Schwing v. Lilly Health Plan*, 562 F.3d 522, 524 (3d Cir. 2009). "[C]ourts reviewing the decisions of ERISA plan administrators or fiduciaries" in civil ERISA cases like this one "should apply a deferential abuse of discretion standard." *Id.* at 525. Under that standard, "the plan administrator's interpretation of the plan 'will not be disturbed if reasonable.'" *Conkright v. Frommert*, 130 S. Ct. 1640, 1651 (2010) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989)).

## II.

We agree with the District Court that Reliance's interpretation of the Plan in this case was reasonable and, therefore, should not be disturbed.

The relevant Plan language states that the "Principal Sum" payable in the event of accidental death is "5 times Base Annual Earnings to a maximum of $250,000." Reliance determined that the "maximum of $250,000" refers to the highest payable Principal Sum

2

under the Plan, and awarded Bauer that amount. Bauer contends that $250,000 is the maximum "Base Annual Earnings" amount that may be used to calculate the Principal Sum; because her husband's Base Annual Earnings were more than $250,000 at the time of his death, she argues that she is entitled to a Principal Sum of 5 times $250,000, or $1,250,000.

We agree with the District Court that the Plan's definition of "Principal Sum" is ambiguous; we cannot tell what the parties intended from the Plan language alone. We must therefore "analyze whether the plan administrator's interpretation of the document is reasonable." *Bill Gray Enters., Inc. Employee Health & Welfare Plan v. Gourley*, 248 F.3d 206, 218 (3d Cir. 2001) (citing *Spacek v. Maritime Ass'n ILA Pension Plan*, 134 F.3d 283, 292 (5th Cir. 1998)). To do so, we consider the following "series of helpful factors":

> (1) whether the interpretation is consistent with the goals of the Plan; (2) whether it renders any language in the Plan meaningless or inconsistent; (3) whether it conflicts with the substantive or procedural requirements of the ERISA statute; (4) whether the [relevant entities have] interpreted the provision at issue consistently; and (5) whether the interpretation is contrary to the clear language of the Plan.

*Moench v. Robertson*, 62 F.3d 553, 566 (3d Cir. 1995) (alteration in original; citations omitted).

After reviewing the District Court's decision and the record, we agree that these factors support the conclusion that Reliance's determination was reasonable. In particular, we agree that Reliance's interpretation is consistent with the Plan's primary goal, which is to provide a benefit in the event of accidental death, not to provide life

3

insurance compensation commensurate with lost income; we note that extrinsic evidence supports the notion that the contracting parties, Reliance and Bauer's husband's employer, always intended that the maximum benefit amount under the Plan would be $250,000; and we conclude that there is no meaningful difference between the language in Bauer's Plan and the language of another plan that Reliance has historically interpreted consistently with its determination in this case.[1]

On appeal, Bauer makes two new arguments that she did not raise in proceedings before the Plan administrator or the District Court. Reliance raises serious questions regarding whether we may even consider these arguments in light of standard waiver principles, *see, e.g.*, *Brenner v. Local 514, United Bhd. of Carpenters*, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument."), but we need not decide those issues because we conclude that Bauer's new arguments do not undermine the reasonableness of Reliance's determination.

First, Bauer argues that the grammatical rule of the "last antecedent" requires us to interpret the Plan's "Principal Sum" provision to provide for a benefit of up to $1,250,000. While we are mindful of that rule and the role that it may play in statutory construction, *see, e.g.*, *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003) (stating that

---

[1] We also agree with the District Court that the Plan provision defining the aggregate limit of liability "for Losses due to one accident" as $1,250,000 does not conflict with Reliable's interpretation of the "Principal Sum" provision. Reliance reasonably urged that the provision refers to its aggregate liability for multiple claims by the Plan policyholder's employees that result from a single event, not to the maximum payout available for a single claim by a single employee covered by the group policy, as Bauer argued.

"construing a statute in accord with the rule is 'quite sensible as a matter of grammar,'" but it "is not an absolute and can assuredly be overcome by other indicia of meaning" (citations omitted)), we disagree with Bauer that the last antecedent rule renders Reliance's contrary interpretation of the provision *unreasonable*. Indeed, as we state above, we believe that the language of the provision is ambiguous, and, notably, Reliance has cited several other cases in which courts have read similar plan language to indicate a maximum benefit, not the maximum salary to which a benefit multiplier is to be applied. *See, e.g.*, *Karl v. Guardian Life Ins. Co. of Am.*, 790 F. Supp. 569, 570-71 (D. Md. 1992) (stating that policy that provided benefit of "200% of the employee's annual earnings . . . to a maximum of $250,000" paid maximum benefit of $250,000); *Abbiati v. Buttura & Sons, Inc.*, 639 A.2d 988, 989-90 (Vt. 1994) (describing $100,000 as "maximum payment allowed" under a policy that provided coverage of "2 ½ times basic annual earnings . . . to a maximum of $100,000").

Second, we understand Bauer's point concerning the Plan's "Seat Belt Benefit" provision — which provides that the Plan will pay an "additional sum equal to 10% of the Insured's Principal Sum to a maximum of $100,000" if certain conditions are met. But, in light of all of the other factors discussed above, we do not find any potential conflict between this provision and Reliance's interpretation of the "Principal Sum" provision to be dispositive of Bauer's claim.

## III.

For the foregoing reasons, we will affirm the order of the District Court.