**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-4684

_____

ROBERT S. CONRAD, SR.,
Appellant

v.

THE WACHOVIA GROUP LONG TERM DISABILITY PLAN

_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 1-08-cv-05416
District Judge: The Honorable Renée M. Bumb

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 9, 2012

_____

Before: FUENTES, JORDAN and NYGAARD, *Circuit Judges*

(Filed: February 21, 2012)

OPINION

_____

PER CURIAM

       Plaintiff-Appellant Robert S. Conrad, Sr. appeals the District Court's order

granting in part Defendant's motion for summary judgment on his claim for recovery of

benefits under Wachovia Corporation's Long Term Disability Plan, pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132 (a)(1)(B). We will affirm.

## I. Background

### A. Facts

Because we write primarily for the parties, we discuss only those facts relevant to our analysis.

Robert S. Conrad, Sr. ("Conrad") was a commissioned securities broker for Wachovia Corporation, and a participant in Wachovia's Long Term Disability Plan ("the Plan"). Wachovia both funded and administered the Plan, but delegated all claims administration to Liberty Life Insurance Company of Boston ("Liberty"). Conrad was eligible for both short- and long-term disability benefits.

Conrad became ill in 2003. In August 2004, he stopped working and was approved for short-term disability benefits. He began receiving long-term disability benefits in February 2005. Since he first began receiving disability benefits under the Plan, he has disputed the Plan administrator's calculation of the monthly payments owed to him. Liberty terminated Conrad's benefits in May 2007, upon a finding that he was no longer disabled. Though Conrad filed a letter appealing that determination, he did so several months after the 60-day filing deadline set by the terms of the plan. Wachovia considered that letter untimely and rejected it.

**B. Procedural Posture**

Conrad filed this claim for recovery of ERISA benefits under 29 U.S.C. § 1132(a)(1)(B)[1] on November 3, 2008, challenging the termination of his benefits, seeking recalculation of the benefits owed to him for the past several years and demanding damages.[2]

On motion for summary judgment, the District Court rejected Conrad's challenge to the termination of his benefits, finding that Conrad failed to exhaust his administrative remedies under the Plan, prior to seeking relief in federal court.

The District Court further found that Conrad's challenge to the calculation of his Benefits Eligible Compensation ("BEC") was not barred for failure to exhaust, but dismissed that claim nonetheless. First, the District Court determined that Conrad's reliance on any evidence prior to the 2004 calendar year was irrelevant, since that evidence pertained to the 2003 denial of his application for short-term benefits and because under the terms of the Plan, intermittent absences had to occur in the same calendar year. Second, the Court construed Conrad's claim to be that he experienced intermittent chronic disability throughout 2004 and that, as a result, the BEC should have been measured from an earlier date. The District Court found that Conrad failed to present the Plan with any evidence of his absences during the earlier portions of the 2004 calendar year; nor did his subsequent letters challenging that calculation specifically refer

---

[1] Under § 1132(a)(1)(B), an ERISA plan participant may bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

[2] The District Court found Conrad's claims for damages to be barred.

to any intermittent absences.  As a result, it found it had no basis to rule that the Plan's calculation of  BEC was in error or an abuse of the administrator's discretion.

Conrad filed this timely appeal.

## II. Analysis

The District Court had subject matter jurisdiction over Conrad's claims under 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.  Accordingly, we have jurisdiction to review under 28 U.S.C. § 1291.

We exercise plenary review over a district court's grant of summary judgment denying a party's claim for recovery of benefits under ERISA.  Smathers v. Multi-Tool, Inc., 298 F.3d 191, 194 (3d Cir. 2002) (citations omitted).  Summary judgment is warranted if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law.  Id. (citing F.R.C.P. 56(c)); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

An administrator's decision constitutes an abuse of discretion[3] only insofar as it is "without reason, unsupported by substantial evidence or erroneous as a matter of law." Miller v. Am. Airlines, Inc., 632 F.3d 837, 845 (3d Cir. 2011).   Where, as here, a

---

[3] Because Wachovia's benefits plan gives the plan administrator "discretionary authority to determine eligibility for benefits or to construe the terms of the plan," our inquiry is limited to review for an abuse of discretion, Firestone Tire and Rubber Co. v. Brunch, 489 U.S. 101, 115 (1989), or for actions taken that were arbitrary and capricious.  See Miller v. Am. Airlines, Inc., 632 F.3d 837, 845 (3d Cir. 2011) ("In the ERISA context, the arbitrary and capricious and abuse of discretion standards of review are essentially identical." (citing Howley v. Mellon Fin. Corp., 625 F.3d 788, 793 n.6 (3d Cir. 2010)).

structural conflict of interest exists by way of Wachovia's dueling roles as administrator of the plan and the entity funding the plan, we consider the extent of that conflict of interest as "one of several factors" in our analysis. Id. at 845 n. 3 (citing Estate of Schwing v. The Lilly Health Plan, 562 F.3d 522, 525 (3d Cir. 2009)).

On appeal, Conrad argues that the District Court erred in dismissing his calculation of benefits claim for lack of evidence because it relied on the Plan's post hoc rationalizations, which were not relayed to him in his denial letters. He argues that he had tried previously to acquire records to this effect from Wachovia, but was denied, and that the proper recourse in this case would have been to remand to the Plan to permit review of his claims, in light of the District Court's determination that evidence of earlier absences in 2004 would be relevant to the administrator's inquiry. Conrad also argues that the Plan's actions run in direct conflict with the language of the Plan, and were thus in error, which he says requires that his BEC be measured from the first date of his illness or disability. Finally, he argues that the Plan administrator's action violated the terms of the Plan insofar as they refused to implement the Intermittent Chronic Disability provisions contained therein.

Having considered Conrad's arguments and the record before us, we see no basis to upset the careful and well-reasoned conclusions reached by the District Court. Moreover, we see no basis for ruling that the administrator's actions conflict with the terms of the Plan.

As the District Court found, the administrator did not "refuse" to apply the Intermittent Chronic Disability provision so much as it found there was no basis to do so.

5

Conrad was on notice that, in order to establish that his disability had occurred earlier in 2004 when he claims that he began missing days of work, he needed to submit evidence substantiating these earlier absences. The lack of any such evidence is fatal to his claims that the administrator should have looked to an earlier disability onset date.

### III. Conclusion

For the foregoing reasons, we will affirm.